**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

OAKLEY, INC.,

    Plaintiff,

v.

ENTITY AND/OR INDIVIDUAL
OPERATING THE INTERNET STORE
IDENTIFIED BY THE INSTAGRAM
ACCOUNT POPULAR_EYEWEAR,

    Defendant.

Case No. 18-cv-07137

**JURY TRIAL DEMANDED**

## COMPLAINT

  Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") hereby brings the present action against the entity and/or individual operating the Internet store identified by the Instagram account popular_eyewear ("popular_eyewear" or "Defendant") and alleges as follows:

### I. INTRODUCTION

  1. This action has been filed by Plaintiff to address Defendant's offering for sale of sunglasses or other products featuring infringements and/or counterfeits of Plaintiff's Oakley trademarks ("Counterfeit Products") through Defendant's Internet store identified by the Instagram user name popular_eyewear, and URL instagram.com/popular_eyewear (the "Defendant Internet Store"). Plaintiff seeks to halt Defendant's infringement and/or counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing low-quality Counterfeit Products over the Internet from China. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction since Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least its commercial Instagram page. Specifically, Defendant is reaching out to do business with and targeting Illinois residents by operating one or more commercial Instagram pages through which Illinois residents can purchase products using counterfeit versions of Plaintiff's trademarks.  Defendant's commercial Instagram page offers global shipping, including to the United States and Illinois, and, on information and belief, has sold products using counterfeit versions of Plaintiff's trademarks to the United States. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the United States and State of Illinois.

## III. THE PARTIES

**Plaintiff Oakley**

4. Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A.

6.     Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products").   Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design.   Among the purchasing public, genuine Oakley Products are instantly recognizable as such.   In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, headwear, footwear, outerwear, jackets and apparel in the world.

7.     Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official Oakley.com website which was launched in 1995, and Oakley O Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

8.     Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products.   As a result of its long-standing use, Oakley owns common law trademark rights in its trademarks.   Oakley has also registered its trademarks with the United States Patent and Trademark Office.   Oakley Products typically include at least one of Oakley's registered trademarks.   Oakley uses its trademarks in connection with the marketing of its Oakley Products, including, but not limited to, the following marks which are collectively referred to as the "Oakley Trademarks."

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,521,599 | OAKLEY | For: Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces, in class 9. |

3

| 1,980,039 | | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories, in class 9. |
|---|---|---|
| 1,984,501 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories, in class 9. |
| 4,813,708 | | For: Protective and/or anti-glare eyewear, namely, sunglasses, spectacles and their parts and accessories, namely, replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear, their parts and their accessories, namely, replacement lenses, earstems, frames, nose pieces and foam strips, in class 9. |

9.     The above registrations for the Oakley Trademarks are valid, subsisting, in full force and effect, and most are incontestable pursuant to 15 U.S.C. § 1065.[1]  The Oakley Trademarks have been used exclusively and continuously by Oakley for many years, and have never been abandoned.  Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the Oakley Trademarks included in the above table. Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Oakley Trademarks are conclusive evidence of the validity of the Oakley Trademarks and of the

---

[1] Reg. No. 4,813,708 for "PRIZM" is not incontestable under 15 U.S.C. § 1065.

registration of the Oakley Trademarks, of Oakley's ownership of the Oakley Trademarks, and of Oakley's exclusive right to use the Oakley Trademarks in commerce. 15 U.S.C. §§ 1115(b), 1065.

10.     The Oakley Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials. Oakley Products have long been among the most popular eyewear in the world and have been extensively promoted and advertised at great expense. In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring their trademarks, including the Oakley Trademarks. Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and are renowned as desired luxury items. Because of these and other factors, the Oakley name and the Oakley Trademarks have become famous throughout the United States.

11.     The Oakley Trademarks are distinctive when applied to the Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards. Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing its trademarks are manufactured to the highest quality standards. The Oakley Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the Oakley Trademarks is of incalculable and inestimable value to Oakley.

12.     Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at Oakley.com. Sales of Oakley Products via the Oakley.com website represent a significant portion of Oakley's business. The Oakley.com website features proprietary content, images and designs exclusive to Oakley.

13.     Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame and have made the Oakley Trademarks some of the most well-known marks in the eyewear and apparel industry.  The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the Oakley Trademarks valuable assets of Oakley.

14.     Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Oakley Trademarks.  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley.  Oakley is a multi-million dollar operation, and Oakley Products have become among the most popular of their kind in the world.

**Defendant**

15.     Defendant operates the Defendant Internet Store through Instagram, on information and belief, is based in China, and offers to sell and ship luxury sunglasses globally.

16.     Defendant targets the United States, including Illinois residents, and has offered to sell Counterfeit Products to consumers within the State of Illinois through the Defendant Internet Store.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

17.     Defendant operates the Defendant Internet Store through Instagram.

18.     Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on the Defendant Internet Store bearing at least one logo, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of the Oakley Trademarks (previously defined as the "Counterfeit Products").

19.    Plaintiff's investigator visited the Defendant Internet Store and inspected Defendant's listings.  Plaintiff determined that Defendant was offering to sell Counterfeit Products which infringed the Oakley Trademarks.

20.    A comparison of the Oakley Trademarks to Defendant's Counterfeit Products exemplifies Defendant's infringement of U.S. Trademark Registration No. 1,521,599 for an "OAKLEY" word mark owned by Oakley, U.S. Trademark Registration No. 1,980,039 for a stylized "OAKLEY" mark owned by Oakley, U.S. Trademark Registration No. 1,984,501 for a stylized "O" mark owned by Oakley, and U.S. Trademark Registration No. 4,813,708 for a "PRIZM" design mark owned by Oakley.

| Oakley Trademarks | Defendant's Counterfeit Products |
|---|---|
| OAKLEY<br>(Reg. No. 1,521,599) |  |
| (Reg. No. 1,980,039) |  |



21.     Defendant's offer to sell Counterfeit Products into the United States is exemplified by the offers shown below, representative of listings available on the Defendant Internet Store.





**Defendant's Offer for Sale of Counterfeit Products**

22.     Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the Oakley Trademarks and the goodwill associated therewith.

23.     Defendant, without any authorization, license, or other permission from Plaintiff, has used the Oakley Trademarks in connection with the advertisement, distribution, and offering for sale of the Counterfeit Products into the United States and Illinois over the Internet.

24.     Defendant's use of infringements and/or counterfeits of Oakley Trademarks in the advertisement, distribution, and offering for sale of the Counterfeit Products was willful.

25.     Defendant's willful use of infringements and/or counterfeits of the Oakley Trademarks in connection with the advertisement, distribution, and offering for sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

### COUNT I
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

26.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered Oakley

Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Oakley Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's Oakley Products sold or marketed under the Oakley Trademarks.

28.     Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeits of the Oakley Trademarks without Plaintiff's permission.

29.     Plaintiff is the exclusive owner of the Oakley Trademarks. Plaintiff's United States Registrations for the Oakley Trademarks (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the Oakley Trademarks and is willfully infringing and intentionally using counterfeits of the Oakley Trademarks. Defendant's willful, intentional and unauthorized use of the Oakley Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

30.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Oakley Trademarks.

32.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

33.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34.     Defendant's promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Counterfeit Products by Plaintiff.

35.     By using the Oakley Trademarks on the Counterfeit Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

36.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

37.     Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the OAKLEY® brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, *et seq.*)

38.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off its Counterfeit Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or

misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that its Counterfeit Products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

40.     The foregoing Defendant acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

41.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill associated therewith.  Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily and permanently enjoined and restrained from:

    a. using the Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Oakley Product or is not authorized by Plaintiff to be sold in connection with the Oakley Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Oakley Trademarks;

12

    c.  committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.  further infringing the Oakley Trademarks and damaging Plaintiff's goodwill;

    e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

    f.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (e).

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through f, supra;

3) That Defendant accounts for and pays to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Oakley Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000.00 (two million dollars) for each and every use of the Oakley Trademarks;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated this 25th day of October 2018.          Respectfully submitted,


/s/ Justin R. Gaudio_____
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiff Oakley, Inc.*

14